ELECTRONIC

**June 27, 2008**

STEVEN M. LARIMORE
CLERK U.S. DIST. CT.
S.D. OF FLA. - MIAMI

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
Palm Beach Division

R.D. CLIFFORD ASSOCIATES, INC.                CASE NO.: _____

Plaintiff,                **08-80709-CIV-MIDDLEBROOKS/JOHNSON**

Vs.

1ˢᵗ Capital Lending, LLC
and Joseph Garrahan

    Defendants.


Vs.

1ˢᵗ Capital Lending, LLC
and Joseph Garrahan
Defendant and Third
Party Plaintiff,

Vs.                                    THIRD PARTY COMPLAINT

Robert Clifford, and
R.D. Clifford Associates. Inc.
Third Party Defendant


    Defendants.

_____

## NOTICE OF REMOVAL OF CIVIL ACTION

Pursuant to 28 U.S.C. §§ 1441 and 1446, defendant Joseph Garrahan and Third

Party Plaintiff Joseph Garrahan, files this notice of removal and states:

1.  Plaintiff R.D. Clifford Associates, Inc. commenced this action against Joseph Garrahan in the Superior Court of New Jersey, Bergen County: Law Division: Special Civil Part, where it was assigned Case No. DC-012903-08.

2.  Pursuant to 28 U.S.C. § 1441 ©, this entire action may be removed, including plaintiffs' state law claims, to allow this Court to determine all of the issues.

3.  Pursuant to 28 U.S.C. § 1446 (a), copies of all process, pleadings and orders served on Joseph Garrahan and Third Party Plaintiff in this action are attached hereto as Composite Exhibit A.

4.  Pursuant to 28 U.S.C. § 1446(d), a copy of this notice of removal will be filed with the State Court promptly after its filing in this Court.

5.  This notice of removal is filed in compliance of this action.

Respectfully Submitted,

Joseph Garrahan, Third Party Plaintiff,  ProSe

5295 Town Center Road
Boca Raton, Florida 33486
T. 561-392-7999
F. 561-391-5548

## CERTIFICATE OF SERVICE

I hereby swear under penalty of perjury that the above-styled motion in case (Docket No:

DC-012903-08) was sent, U.S. mail and facsimile, to:

**Tesser & Cohen; Steven Cohen: 946 Main Street, Hackensack, New Jersey 07601,**

**ATORNEY FOR THE PLAINTIFF AND TO FACSIMILE NUMBER 201-343-**

**0885.**

THREE (3) COPIES OF THE ABOVE-STYLED MOTION WERE SENT VIA
CERTIFIED UNITED STATES POSTAL SERVICE, TO:

**Bergen County Courthouse; Justice Center, Room 427, 10 Main Street, Hackensack,
New Jersey 07601.**

ON THIS 27TH DAY OF June, 2008.

Respectfully Submitted,

Joseph Garrahan, Third Party Plaintiff, ProSe

T. 561-392-7999
F. 561-391-5548
5295 Town Center Road
First Floor
Boca Raton, Florida 33486

Third Party Plaintiff in the above-styled case.

# EXHIBIT A

AOCT # 140591

## SPECIAL CIVIL PART SUMMONS AND RETURN OF SERVICE – PAGE 2

**Plaintiff or Plaintiff's Attorney Information:**

Name:

Steven, Cohen, Esq., Tesser & Cohen

Address:

946 Main Street, Hackensack, NJ 07601

Telephone No.: (201) 343 - 1100

R.D. CLIFFORD ASSOCIATES,

INC. , Plaintiff(s)

versus

1ST CAPITAL LENDING, LLC and

JOSEPH GARRAHAN , Defendant(s)

| | |
|---|---|
| Demand Amount: | $ 15000.00 |
| Filing Fee: | $ |
| Service Fee: | $ |
| Attorney's Fees: | $ |
| **TOTAL** | $ 15000 |

**SUPERIOR COURT OF NEW JERSEY**

**LAW DIVISION, SPECIAL CIVIL PART**

BERGEN          COUNTY

( )    -

**Docket No:**

(to be provided by the court)

### Civil Action

### SUMMONS

(Circle one): ☒ Contract   or   ☐ Tort

**Defendant(s) Information: Name, Address & Phone:**

1st Capital Lending, LLC, 5295 Town Center, First Floor, Boca Raton, Florida 33486

Joseph Garrahan, 5295 Town Center, First Floor, Boca Raton, Florida 33486

**Date Served:**

## RETURN OF SERVICE IF SERVED BY COURT OFFICER (For Court Use Only)

Docket Number _____ Date _____ Time _____

WM _____ WF _____ BM _____ BF _____ OTHER _____

HT _____ WT _____ AGE _____ HAIR _____ MUSTACHE _____ BEARD _____ GLASSES _____

NAME: _____ RELATIONSHIP: _____

Description of Premises _____

I hereby certify the above to be true and accurate:

_____
Court Officer

## RETURN OF SERVICE IF SERVED BY MAIL (For Court Use Only)

I, _____, hereby certify that on _____, I mailed a copy of the within summons and complaint by regular and certified mail-return receipt requested.

_____
Employee Signature

Revised 10/2006. 2007 Court Rules, CN 10536-English                    page 3 of 3

FILED   Apr 22, 2008

TESSER & COHEN
946 Main Street
Hackensack, New Jersey 07601
(201) 343-1100
Attorneys for Plaintiff,
R.D. Clifford Associates, Inc.

RECEIVED
2008 APR 22 AM 11: 10
BERGEN COUNTY
SPECIAL CIVIL PART

| | |
|---|---|
| R.D. CLIFFORD ASSOCIATES, INC., | SUPERIOR COURT OF NEW JERSEY BERGEN COUNTY: LAW DIVISION; SPECIAL CIVIL PART |
| | DOCKET NO.: DC-012903-08 |
| Plaintiff, | |
| Vs. | |
| 1ST CAPITAL LENDING, LLC, and JOSEPH GARRAHAN | Civil Action **COMPLAINT** |
| Defendants. | |

Plaintiff, R.D. Clifford Associates, Inc., (hereinafter "Plaintiff"), by way of complaint against the Defendants 1st Capital Lending, LLC and Joseph Garrahan, alleges as follows:

## FIRST COUNT

1.    At all times hereinafter mentioned, Plaintiff R.D. Clifford Associates, LLC is a company duly organized and existing under and by virtue of the laws of the State of New Jersey with a principal place of business at 210 Summit Avenue, Montvale, New Jersey.

2.    Upon information and belief, Defendant 1st Capital Lending, LLC ("Defendant") is a business operating in the State of Florida with a principal place of business located at 5295 Town Center, First Floor, Boca Raton, Florida.

-1-

3. Upon information and belief, Defendant Joseph Garrahan is an individual working at 5295 Town Center, First Floor, Boca Raton, Florida.

4. Defendants and Plaintiff entered into an agreement for Plaintiff to provide appraisals for various properties.

5. Defendants provided Plaintiff with the names and addresses of the properties for Plaintiff to appraise.

6. Plaintiff provided all of its services pursuant to and in accordance with the terms and conditions of the agreement.

7. In breach of the agreement, and despite due demand, Defendants have failed and refused to make payment to Plaintiff the sum of $17,000.00 due under the agreement.

8. By reason of the foregoing, Defendants are indebted to Plaintiff for the balance of the monies not paid under the agreement.

9. Plaintiff waives the sum of money it is owed in excess of the jurisdictional limit of this Court.

**WHEREFORE,** R.D. Clifford Associates, Inc. demands judgment against 1st Capital Lending, LLC and Joseph Garrahan for damages in the amount of $15,000.00 together with interest, attorneys fees, costs of suit and for such other and further relief as the Court deems just and proper.

## SECOND COUNT

1. The Plaintiff, R.D. Clifford Associates, Inc., repeats each and every allegation contained in the First Count as if set forth at length herein.

2. As a result of Plaintiff's full performance, Defendants have received the benefit of Plaintiff's goods and services in the fair and reasonable value of $17,000.00.

3. Defendants have not paid the aforesaid reasonable value, and by reason thereof Defendants have been unjustly enriched at the detriment and expense of Plaintiff.

-2-

4.     Plaintiff provided services to Defendants and conferred benefit upon Defendants for same.

5.     Plaintiff expected remuneration for its efforts.

6.     Defendants understood that Plaintiff expected remuneration for its efforts.

7.     Despite demand, Defendants have not compensated Plaintiff for the benefit it received.

8.     If Plaintiff is not compensated for the benefit it conferred upon Defendants, an injustice would result.

**WHEREFORE,** R.D. Clifford Associates, Inc. demands judgment against 1st Capital Lending, LLC and Joseph Garrahan for damages in the amount of $15,000.00 together with interest, attorneys fees, costs of suit and for such other and further relief as the Court deems just and proper.

## THIRD COUNT

1.     The Plaintiff, R.D. Clifford Associate, Inc. repeats each and every allegation contained in the First and Second Counts as if set forth at length herein.

2.     Plaintiff routinely rendered to Defendants a full, just and true account of the transactions alleged in the First Count hereof.  The statements of account were delivered to Defendants.

3.     An account was thereby stated between Plaintiff and Defendants in the sum of $17,000.00.

4.     There is now due from Defendants to Plaintiff the sum of $17,000.00 with interest thereon.

5.     Plaintiff waives the sum of money it is owed in excess of the jurisdictional limit of this Court.

**WHEREFORE,** R.D. Clifford Associates, Inc. demands judgment against 1st Capital Lending, LLC and Joseph Garrahan for damages in the

-3-

amount of $15,000.00 together with interest, attorneys fees, costs of suit and for such other and further relief as the Court deems just and proper.

## FOURTH COUNT

1.     The Plaintiff, R.D. Clifford Associates, Inc., repeats each and every allegation contained in the First through Third Counts as if set forth at length herein.

2.     There exists a stated book account between Plaintiff and Defendants.

3.     Despite due demand, Defendants have failed to pay Plaintiff the amount stated in the book account.

**WHEREFORE,** R.D. Clifford Associates, Inc. demands judgment against 1st Capital Lending, LLC and Joseph Garrahan for damages in the amount of $15,000.00 together with interest, attorneys fees, costs of suit and for such other and further relief as the Court deems just and proper.

TESSER & COHEN
Attorney for the Plaintiff,
R.D. Clifford Associates, Inc.

Dated: April 21, 2008                    By:  _____
Steven Cohen

## CERTIFICATION PURSUANT TO R. 4:5-1

The undersigned hereby certifies upon information and belief that the matter in controversy is not the subject of any other action pending in any court or arbitration proceeding.

TESSER & COHEN
Attorney for the Plaintiff,
R.D. Clifford Associates, Inc.

Dated: April 21, 2008                    By:  _____
Steven Cohen

-4-

## DESIGNATION OF TRIAL COUNSEL

Please take notice that attorney, STEVEN COHEN, ESQ., is hereby designated as trial counsel in the above captioned litigation.

TESSER & COHEN
Attorney for the Plaintiff,
R.D. Clifford Associates, Inc.

Dated: April 21, 2008          By:  _____
                                    Steven Cohen

## WAIVER

Plaintiff recognizes that the jurisdictional monetary limit of this Court is $15,000.00 and waives any demand for damages in excess of that amount.

TESSER & COHEN
Attorney for the Plaintiff,
R.D. Clifford Associates, Inc.

Dated: April 21, 2008          By:  _____
                                    Steven Cohen

-5-

TESSER & COHEN
946 Main Street
Hackensack, New Jersey 07601
(201) 343-1100
Attorneys for Plaintiff,
R.D. Clifford Associates, Inc.

| | |
|---|---|
| R.D. CLIFFORD ASSOCIATES, INC.,          : | SUPERIOR COURT OF NEW JERSEY BERGEN COUNTY: LAW DIVISION; SPECIAL CIVIL PART |

:         DOCKET NO.:

Plaintiff,       :

Vs.             :

:          Civil Action

1ST CAPITAL LENDING, LLC, and JOSEPH GARRAHAN      :

**CERTIFICATION OF DILIGENT INQUIRY**

Defendants.

I have made a diligent effort to locate the defendant within the State of New Jersey by personal inquiries.

Based upon personal inquires, I have been unable to locate a New Jersey address; however, I have located the defendants 1st Capital Lending, LLC and Joseph Garrahan at 5295 Town Center, First Floor, Boca Raton, Florida.

I request the court permit service of the summons and complaint at the above address.

I certify that the foregoing statements are true, I am aware that if any of the statements made by me are willfully false, I am subject to punishment.

Date: April 21, 2008

                       _____
                       Steven Cohen, Esq.

-1-

# SUPERIOR COURT OF NEW JERSEY BERGEN COUNTY: LAW DIVISION; SPECIAL CIVIL PART

R. D. Clifford Associates, Inc.

    Plaintiff,

                                         *Docket No.: DC-012903-08*

Vs.

1ST CAPITAL LENDING, LLC.,
and Joseph Garrahan

    Defendant,

Vs.

1st Capital Lending, LLC
And Joseph Garrahan
Defendant and Third
Party Plaintiff,

Vs.

Robert Clifford,                                          **THIRD PARTY COMPLAINT**
 R.D. Clifford Associates, Inc.
Third Party Defendant

    Defendants.

---

**THIRD PARTY PLAINTIFF  JOSEPH GARRAHAN BY WAY OF COMPLAINT**

**AGAINST THIRD PARTY DEFENDANT, ALLEGES THIS COMPLAINT FOR**

**RELIEF AND NEGLIGENCE IN THE WILFUL PERFORMANCE AND**

**NON-COMPLIANCE AND WRECKLESS DISREGARD WITH REQUIREMENTS**

**OF THE FAIR DEBT COLLECTION PRACTICES ACT AS AMENDED BY**

**PUBLIC LAW 104-208, 110 STAT. 3009 (SEPT. 30, 1996)**

COMES NOW, the Third Party Plaintiff Joseph Garrrahan, and file their complaint

for and against Third Party Defendant and alleges:

1. This is an action for damages ( $ 1,000. not to exceed $ 15,000.)

1

2.  Third Party Plaintiff is a Florida resident and resides in Palm Beach County, Florida.

3.  Third party Defendant is located in the State of New Jersey.

4.  Third Party Plaintiff was an employee with 1st Capital Lending LLC.

5.  Venue is not proper in the above named case. Third Party Plaintiff, Joseph Garrahan, maintains his employment in Palm Beach, Florida. A substantial portion of the events give rise to this claim occurred Palm Beach, Florida,

## **GENERAL ALLEGATIONS**

6.  Third Party Plaintiff is not authorized to perform services in the named county, Third Party Plaintiff Joseph Garrahan is a resident of Palm Beach County, Florida, whereas the Third Party Plaintiff Joseph Garrahan conducts all of his business in this County.

7.  Third Party Plaintiff, Joseph Garrahan acted as an employee for a company that apparently ordered services from Third Party Defendant, A third party corporation in Palm Beach County, Florida ordered said services.

8.  At  no time did Third Party Plaintiff, Joseph Garrahan represent himself as anyone other than an employee working on behalf of the client and Universal Express, who ordered such services through 1st Capital Lending LLC. At all times, invoices were submitted to 1st Capital Lending LLC, whereas Third Party Plaintiff Joseph Garrahan was never an officer or party with said entity. No invoices were issued to Third Party Plaintiff Joseph Garrahan.

9.  At no time did Third Party Plaintiff, Joseph Garrahan represent that he was in any way responsible for any contractual or financial arrangements made between any of the parties. Third Party Plaintiff Joseph Garrahan is not a responsible party.

2

## COUNT ONE FOR RELIEF

10. Third Party Plaintiff re-avers and incorporates by reference the allegations in paragraphs 1 – 9.

11. Third Party Defendant has maliciously attacked Third Party Plaintiff Joseph Garrahan with regard to his actions with regard to violation of The Fair Debt Collection Practices Act.

12. Third  Party Defendant refuses to recognize that Third Party Plaintiff never executed any contract or other agreement with Third Party Defendant.

13. Third Party Defendant has through its malicious actions caused financial harm to Third Party Plaintiff Joseph Garrahan. Third Party Defendant continues to cause irresponsible behavior and continue to inaccurately violate The Fair Debt Collection Practices Act again resulting in financial harm to Third Party Plaintiff.

14. Third Party Plaintiff has repeatedly notified Third Party Defendant  that the services requested were not done or authorized by Third Party Plaintiff Joseph Garrahan.

15. Third Party Defendant disregard of its responsibility under The Fair Debt Collection Practices Act has wrongfully attacked an innocent by stander that had no business dealings with Third Party Defendant.
Third Party Defendant knowingly and willfully obtained inaccurate information on Third Party Plaintiff under false pretenses which give rise to civil liability under The Fair Debt Collection Practices Act.

3

## COUNT TWO FOR RELIEF

16. Third Party Plaintiff re alleges paragraphs 10 through 15.

17. Third Party Defendant has violated The Fair Debt Collection Practices Act and has further caused Third Party Plaintiff damages with its ability to obtain credit because Third Party Defendant has falsely accused Third Party Plaintiff to pay for services that are not the responsibility of Third Party Plaintiff.

18. Third Party Plaintiff has not or will not benefit in any way as a result of the false and baseless accusations by Third Party Defendant.

19. Third Party Defendant did not complete services rendered and now is making false accusations that are baseless and has no proof to back up Third Party Defendant's fraudulent attempt to recover money from innocent by standers.

## COUNT THREE FOR RELIEF

### (FRAUD)

20. Third Party Plaintiff re alleges paragraphs 17 through 19

21. Whereas Third Party Defendant previously submitted their invoice to Universal Express and its receiver. After finding out that there was not enough money to pay Third Party Defendant they decided to go after other entities and individuals to help pay for their so called losses. Third Party Defendant has wrongfully profited under the terms of the agreement.

22. Third Party Defendant has benefited as a result of its breach of agreement to the third party that hired Third Party Defendant.

4

## COUNT FOUR FOR RELIEF

23. Third Party Plaintiff re alleges paragraphs 21 through 22.

24. Third Party Defendant has damaged the reputation of Third Party Plaintiff

Joseph Garrahan.

25. Third Party Defendant has violated The Fair Debt Collection Practices Act,

through fraudulent and deceptive collection attempts that are bogus and violation of

the Act and the following:

**§ 804. Acquisition of location information  [15 USC 1692b]**

Any debt collector communicating with any person other than the consumer for the purpose of acquiring location

information about the consumer shall --

(1) identify himself, state that he is confirming or correcting location information concerning the consumer, and, only if

expressly requested, identify his employer;

(2) not state that such consumer owes any debt;

(3) not communicate with any such person more than once unless requested to do so by such person or unless the debt

collector reasonably believes that the earlier response of such person is erroneous or incomplete and that such person

now has correct or complete location information;

(4) not communicate by post card;

(5) not use any language or symbol on any envelope or in the contents of any communication effected by the mails or

telegram that indicates that the debt collector is in the debt collection business or that the communication relates to the

collection of a debt; and

(6) after the debt collector knows the consumer is represented by an attorney with regard to the subject debt and has

knowledge of, or can readily ascertain, such attorney's name and address, not communicate with any person other than

that attorney, unless the attorney fails to respond within a reasonable period of time to the communication from the debt

collector.

**§ 805. Communication in connection with debt collection  [15 USC 1692c]**

(a) COMMUNICATION WITH THE CONSUMER GENERALLY.  Without the prior consent of the consumer given directly to

the debt collector or the express permission of a court of competent jurisdiction, a debt collector may not communicate

with a consumer in connection with the collection of any debt --

5

(1) at any unusual time or place or a time or place known or which should be known to be inconvenient to the consume

In the absence of knowledge of circumstances to the contrary, a debt collector shall assume that the convenient time f

communicating with a consumer is after 8 o'clock antimeridian and before 9 o'clock postmeridian, local time at the

consumer's location;

(2) if the debt collector knows the consumer is represented by an attorney with respect to such debt and has knowledg

of, or can readily ascertain, such attorney's name and address, unless the attorney fails to respond within a reasonable

period of time to a communication from the debt collector or unless the attorney consents to direct communication with

the consumer; or

(3) at the consumer's place of employment if the debt collector knows or has reason to know that the consumer's emplc

prohibits the consumer from receiving such communication.

(b) COMMUNICATION WITH THIRD PARTIES.  Except as provided in section 804, without the prior consent of the

consumer given directly to the debt collector, or the express permission of a court of competent jurisdiction, or as

reasonably necessary to effectuate a postjudgment judicial remedy, a debt collector may not communicate, in connect

with the collection of any debt, with any person other than a consumer, his attorney, a consumer reporting agency if

otherwise permitted by law, the creditor, the attorney of the creditor, or the attorney of the debt collector.

(c) CEASING COMMUNICATION.  If a consumer notifies a debt collector in writing that the consumer refuses to pay a

debt or that the consumer wishes the debt collector to cease further communication with the consumer, the debt collect

shall not communicate further with the consumer with respect to such debt, except --

(1) to advise the consumer that the debt collector's further efforts are being terminated;

(2) to notify the consumer that the debt collector or creditor may invoke specified remedies which are ordinarily invoked

such debt collector or creditor; or

(3) where applicable, to notify the consumer that the debt collector or creditor intends to invoke a specified remedy.

If such notice from the consumer is made by mail, notification shall be complete upon receipt.

(d) For the purpose of this section, the term "consumer" includes the consumer's spouse, parent (if the consumer is a

minor), guardian, executor, or administrator.

§ 806.  Harassment or abuse  [15 USC 1692d]

A debt collector may not engage in any conduct the natural consequence of which is to harass, oppress, or abuse any

person in connection with the collection of a debt. Without limiting the general application of the foregoing, the followin

6

conduct is a violation of this section:

(1) The use or threat of use of violence or other criminal means to harm the physical person, reputation, or property of a person.

(2) The use of obscene or profane language or language the natural consequence of which is to abuse the hearer or reader.

(3) The publication of a list of consumers who allegedly refuse to pay debts, except to a consumer reporting agency or persons meeting the requirements of section 603(f) or 604(3)[1] of this Act.

(4) The advertisement for sale of any debt to coerce payment of the debt.

(5) Causing a telephone to ring or engaging any person in telephone conversation repeatedly or continuously with inter annoy, abuse, or harass any person at the called number.

(6) Except as provided in section 804, the placement of telephone calls without meaningful disclosure of the caller's identity.

## § 807.  False or misleading representations  [15 USC 1692e]

A debt collector may not use any false, deceptive, or misleading representation or means in connection with the collect of any debt. Without limiting the general application of the foregoing, the following conduct is a violation of this section:

(1) The false representation or implication that the debt collector is vouched for, bonded by, or affiliated with the United States or any State, including the use of any badge, uniform, or facsimile thereof.

(2) The false representation of --

(A) the character, amount, or legal status of any debt; or

(B) any services rendered or compensation which may be lawfully received by any debt collector for the collection of a debt.

(3) The false representation or implication that any individual is an attorney or that any communication is from an attorn

(4) The representation or implication that nonpayment of any debt will result in the arrest or imprisonment of any person or the seizure, garnishment, attachment, or sale of any property or wages of any person unless such action is lawful an the debt collector or creditor intends to take such action.

(5) The threat to take any action that cannot legally be taken or that is not intended to be taken.

(6) The false representation or implication that a sale, referral, or other transfer of any interest in a debt shall cause the consumer to --

7

(A) lose any claim or defense to payment of the debt; or

(B) become subject to any practice prohibited by this title.

(7) The false representation or implication that the consumer committed any crime or other conduct in order to disgrace the consumer.

(8) Communicating or threatening to communicate to any person credit information which is known or which should be known to be false, including the failure to communicate that a disputed debt is disputed.

(9) The use or distribution of any written communication which simulates or is falsely represented to be a document authorized, issued, or approved by any court, official, or agency of the United States or any State, or which creates a false impression as to its source, authorization, or approval.

(10) The use of any false representation or deceptive means to collect or attempt to collect any debt or to obtain information concerning a consumer.

(11) The failure to disclose in the initial written communication with the consumer and, in addition, if the initial communication with the consumer is oral, in that initial oral communication, that the debt collector is attempting to colle a debt and that any information obtained will be used for that purpose, and the failure to disclose in subsequent communications that the communication is from a debt collector, except that this paragraph shall not apply to a formal pleading made in connection with a legal action.

(12) The false representation or implication that accounts have been turned over to innocent purchasers for value.

(13) The false representation or implication that documents are legal process.

(14) The use of any business, company, or organization name other than the true name of the debt collector's business company, or organization.

(15) The false representation or implication that documents are not legal process forms or do not require action by the consumer.

(16) The false representation or implication that a debt collector operates or is employed by a consumer reporting agen as defined by section 603(f) of this Act.

### § 808.  Unfair practices [15 USC 1692f]

A debt collector may not use unfair or unconscionable means to collect or attempt to collect any debt. Without limiting t general application of the foregoing, the following conduct is a violation of this section:

(1) The collection of any amount (including any interest, fee, charge, or expense incidental to the principal obligation)

8

unless such amount is expressly authorized by the agreement creating the debt or permitted by law.

(2) The acceptance by a debt collector from any person of a check or other payment instrument postdated by more tha

five days unless such person is notified in writing of the debt collector's intent to deposit such check or instrument not

more than ten nor less than three business days prior to such deposit.

(3) The solicitation by a debt collector of any postdated check or other postdated payment instrument for the purpose o

threatening or instituting criminal prosecution.

(4) Depositing or threatening to deposit any postdated check or other postdated payment instrument prior to the date o

(5) Causing charges to be made to any person for communications by concealment of the true propose of the

communication. Such charges include, but are not limited to, collect telephone calls and telegram fees.

(6) Taking or threatening to take any nonjudicial action to effect dispossession or disablement of property if --

(A) there is no present right to possession of the property claimed as collateral through an enforceable security interest

(B) there is no present intention to take possession of the property; or

(C) the property is exempt by law from such dispossession or disablement.

(7) Communicating with a consumer regarding a debt by post card.

(8) Using any language or symbol, other than the debt collector's address, on any envelope when communicating with

consumer by use of the mails or by telegram, except that a debt collector may use his business name if such name do

not indicate that he is in the debt collection business.

§ 809.  Validation of debts  [15 USC 1692g]

(a) Within five days after the initial communication with a consumer in connection with the collection of any debt, a debt

collector shall, unless the following information is contained in the initial communication or the consumer has paid the

debt, send the consumer a written notice containing --

(1) the amount of the debt;

(2) the name of the creditor to whom the debt is owed;

(3) a statement that unless the consumer, within thirty days after receipt of the notice, disputes the validity of the debt,

any portion thereof, the debt will be assumed to be valid by the debt collector;

(4) a statement that if the consumer notifies the debt collector in writing within the thirty-day period that the debt, or any

portion thereof, is disputed, the debt collector will obtain verification of the debt or a copy of a judgment against the

consumer and a copy of such verification or judgment will be mailed to the consumer by the debt collector; and

9

(5) a statement that, upon the consumer's written request within the thirty-day period, the debt collector will provide the consumer with the name and address of the original creditor, if different from the current creditor.

(b) If the consumer notifies the debt collector in writing within the thirty-day period described in subsection (a) that the debt, or any portion thereof, is disputed, or that the consumer requests the name and address of the original creditor, t debt collector shall cease collection of the debt, or any disputed portion thereof, until the debt collector obtains verifica of the debt or any copy of a judgment, or the name and address of the original creditor, and a copy of such verification judgment, or name and address of the original creditor, is mailed to the consumer by the debt collector.

(c) The failure of a consumer to dispute the validity of a debt under this section may not be construed by any court as a admission of liability by the consumer.

## § 810. Multiple debts  [15 USC 1692h]

If any consumer owes multiple debts and makes any single payment to any debt collector with respect to such debts, s debt collector may not apply such payment to any debt which is disputed by the consumer and, where applicable, shal apply such payment in accordance with the consumer's directions.

## § 811. Legal actions by debt collectors   [15 USC 1692i]

(a) Any debt collector who brings any legal action on a debt against any consumer shall --

(1) in the case of an action to enforce an interest in real property securing the consumer's obligation, bring such action only in a judicial district or similar legal entity in which such real property is located; or

(2) in the case of an action not described in paragraph (1), bring such action only in the judicial district or similar legal entity --

(A) in which such consumer signed the contract sued upon; or

(B) in which such consumer resides at the commencement of the action.

(b) Nothing in this title shall be construed to authorize the bringing of legal actions by debt collectors.

## § 812. Furnishing certain deceptive forms  [15 USC 1692j]

(a) It is unlawful to design, compile, and furnish any form knowing that such form would be used to create the false belief in a consumer that a person other than the creditor of such consumer is participating in the collection of or in an attempt to collect a debt such consumer allegedly owes such creditor, when in fact such person is not so participating.

(b) Any person who violates this section shall be liable to the same extent and in the same manner as a debt collector i liable under section 813 for failure to comply with a provision of this title.

10

§ 813.  Civil liability  [15 USC 1692k]

(a) Except as otherwise provided by this section, any debt collector who fails to comply with any provision of this title with respect to any person is liable to such person in an amount equal to the sum of --

(1) any actual damage sustained by such person as a result of such failure;

(2) (A) in the case of any action by an individual, such additional damages as the court may allow, but not exceeding $1,000; or

(B) in the case of a class action, (i) such amount for each named plaintiff as could be recovered under subparagraph (A) and (ii) such amount as the court may allow for all other class members, without regard to a minimum individual recovery not to exceed the lesser of $500,000 or 1 per centum of the net worth of the debt collector; and

(3) in the case of any successful action to enforce the foregoing liability, the costs of the action, together with a reasonable attorney's fee as determined by the court. On a finding by the court that an action under this section was brought in bad faith and for the purpose of harassment, the court may award to the defendant attorney's fees reasonable in relation to the work expended and costs.

(b) In determining the amount of liability in any action under subsection (a), the court shall consider, among other relevant factors --

(1) in any individual action under subsection (a)(2)(A), the frequency and persistence of noncompliance by the debt collector, the nature of such noncompliance, and the extent to which such noncompliance was intentional; or

(2) in any class action under subsection (a)(2)(B), the frequency and persistence of noncompliance by the debt collector, the nature of such noncompliance, the resources of the debt collector, the number of persons adversely affected, and the extent to which the debt collector's noncompliance was intentional.

(c) A debt collector may not be held liable in any action brought under this title if the debt collector shows by a preponderance of evidence that the violation was not intentional and resulted from a bona fide error notwithstanding the maintenance of procedures reasonably adapted to avoid any such error.

(d) An action to enforce any liability created by this title may be brought in any appropriate United States district court without regard to the amount in controversy, or in any other court of competent jurisdiction, within one year from the date on which the violation occurs.

(e) No provision of this section imposing any liability shall apply to any act done or omitted in good faith in conformity with any advisory opinion of the Commission, notwithstanding that after such act or omission has occurred, such opinion is

11

amended, rescinded, or determined by judicial or other authority to be invalid for any reason.

§ 814. Administrative enforcement  [15 USC 1692*l*]

(a) Compliance with this title shall be enforced by the Commission, except to the extend that enforcement of the requirements imposed under this title is specifically committed to another agency under subsection (b). For purpose of exercise by the Commission of its functions and powers under the Federal Trade Commission Act, a violation of this titl shall be deemed an unfair or deceptive act or practice in violation of that Act. All of the functions and powers of the Commission under the Federal Trade Commission Act are available to the Commission to enforce compliance by any person with this title, irrespective of whether that person is engaged in commerce or meets any other jurisdictional test in the Federal Trade Commission Act, including the power to enforce the provisions of this title in the same manner as if the violation had been a violation of a Federal Trade Commission trade regulation rule.

(b) Compliance with any requirements imposed under this title shall be enforced under --

(1) section 8 of the Federal Deposit Insurance Act, in the case of --

(A) national banks, by the Comptroller of the Currency;

(B) member banks of the Federal Reserve System (other than national banks), by the Federal Reserve Board; and

(C) banks the deposits or accounts of which are insured by the Federal Deposit Insurance Corporation (other than members of the Federal Reserve System), by the Board of Directors of the Federal Deposit Insurance Corporation;

(2) section 5(d) of the Home Owners Loan Act of 1933, section 407 of the National Housing Act, and sections 6(i) and of the Federal Home Loan Bank Act, by the Federal Home Loan Bank Board (acting directing or through the Federal Savings and Loan Insurance Corporation), in the case of any institution subject to any of those provisions;

(3) the Federal Credit Union Act, by the Administrator of the National Credit Union Administration with respect to any Federal credit union;

(4) subtitle IV of Title 49, by the Interstate Commerce Commission with respect to any common carrier subject to such subtitle;

(5) the Federal Aviation Act of 1958, by the Secretary of Transportation with respect to any air carrier or any foreign air carrier subject to that Act; and

(6) the Packers and Stockyards Act, 1921 (except as provided in section 406 of that Act), by the Secretary of Agricultur with respect to any activities subject to that Act.

(c) For the purpose of the exercise by any agency referred to in subsection (b) of its powers under any Act referred to ir

12

that subsection, a violation of any requirement imposed under this title shall be deemed to be a violation of a requirem

imposed under that Act. In addition to its powers under any provision of law specifically referred to in subsection (b), ea

of the agencies referred to in that subsection may exercise, for the purpose of enforcing compliance with any requirem

imposed under this title any other authority conferred on it by law, except as provided in subsection (d).

(d) Neither the Commission nor any other agency referred to in subsection (b) may promulgate trade regulation rules o

other regulations with respect to the collection of debts by debt collectors as defined in this title.

§ 816. **Relation to State laws**  [15 USC 1692n]

This title does not annul, alter, or affect, or exempt any person subject to the provisions of this title from complying with

laws of any State with respect to debt collection practices, except to the extent that those laws are inconsistent with an

provision of this title, and then only to the extent of the inconsistency. For purposes of this section, a State law is not

inconsistent with this title if the protection such law affords any consumer is greater than the protection provided by thi

title.

26. Third Party Plaintiff re alleges paragraphs 24 and 25.

## COUNT FIVE FOR RELIEF

### ( Damages)

27.  Third Party Plaintiff Joseph Garrahan has been damaged as a result of Third

Party Defendants fraudulent actions and making false and baseless statements.

28. There are no written or verbal contracts or agreements between Third Party

Plaintiff and Third Party Defendant.

29. Third Party Defendant has damaged Third Party Plaintiff as a result of its

reporting of an inaccurate collection that is fraudulent and baseless.

13

30. Third Party Defendant has damaged Third Party Plaintiff Joseph Garrahan

through its public filing that is fraudulent and baseless.

31. Third Party Plaintiff re alleges paragraphs 27 through 30.


**WHEREFORE,** Third Party Plaintiff prays for an order as follows:

1. Award Third Party Plaintiff damages as this Court see fit.

2. Order the removal of the initial filing of this action in the Superior Court
of New Jersey.

3. Award unto Third Party Plaintiff such other and further relief as this
Court may deem just and proper.

**Dated this 25ᵗ day of June, 2008.**


Respectfully Submitted,


Joseph Garrahan, ProSe
Third Party Plaintiff
5295 Town Center Road
Boca Raton, Florida 33486
T. 561-392-7999
F. 561-391-5548


## CERTIFICATE OF SERVICE

I hereby swear under penalty of perjury that the above-styled motion in case (Docket No:

DC-012903-08) was sent, U.S. mail and facsimile, to:


**Tesser & Cohen; Steven Cohen: 946 Main Street, Hackensack, New Jersey 07601,
ATORNEY FOR THE PLAINTIFF AND TO FACSIMILE NUMBER 201-343-0885.**

THREE (3) COPIES OF THE ABOVE-STYLED MOTION WERE SENT VIA
CERTIFIED UNITED STATES POSTAL SERVICE, TO:

14

**Bergen County Courthouse; Justice Center, Room 427, 10 Main Street, Hackensack, New Jersey 07601.**

ON THIS 25TH DAY OF June 2008.

Respectfully Submitted,

Joseph Garrahan, ProSe

T. 561-392-7999
F. 561-391-5548
5295 Town Center Road
First Floor
Boca Raton, Florida 33486

Third Party Plaintiff in the above-styled case.

15

# SUPERIOR COURT OF NEW JERSEY BERGEN COUNTY: LAW DIVISION; SPECIAL CIVIL PART

R. D. Clifford Associates, Inc.

**Plaintiff,**

Docket No.: DC-012903-08

Vs.

**1ST CAPITAL LENDING, LLC.,**
**and Joseph Garrahan**

**Defendant,**

---

## AFFIRMATIVE DEFENSES FROM DEFENDANT

COMES NOW, the Defendant, Joseph Garrahan and files for the affirmative answers and states the following:

1. No evidence was presented to this Court or to the Defendant as to any damages or costs in this action.

2. No evidence or date of services performed has been verified or presented to this Court.

3. There is no evidence that the parties are sui juris.

4. There is not proof of any conditions set forth within this action.

5. Plaintiff does not have any records or documentation for services rendered or any other information that has been presented to the Court..

6. Plaintiff has no evidence that Defendant should be a part of this action.

Additionally, Defendant requests such other relief as the Court may deem just and proper.

Respectfully Submitted,

_____

Joseph Garrahan, ProSe
5295 Town Center Road
Boca Raton, Florida 33486
T. 561-392-7999
F. 561-391-5548

## CERTIFICATE OF SERVICE

I hereby swear under penalty of perjury that the above-styled motion in case (Docket No:

DC-012903-08) was sent, U.S. mail and facsimile, to:

**Tesser & Cohen; Steven Cohen: 946 Main Street, Hackensack, New Jersey 07601, ATTORNEY FOR THE PLAINTIFF AND TO FACSIMILE NUMBER 201-343-0885.**

THREE (3) COPIES OF THE ABOVE-STYLED MOTION WERE SENT VIA CERTIFIED UNITED STATES POSTAL SERVICE, TO:

**Bergen County Courthouse; Justice Center, Room 427, 10 Main Street, Hackensack, New Jersey 07601.**

ON THIS 5TH DAY OF May 2008.

Respectfully Submitted,

Joseph Garrahan, ProSe

T. 561-392-7999
F. 561-391-5548
5295 Town Center Road
First Floor
Boca Raton, Florida 33486

Defendant in the above-styled case.

# SUPERIOR COURT OF NEW JERSEY BERGEN COUNTY: LAW DIVISION; SPECIAL CIVIL PART

R. D. Clifford Associates, Inc.

    Plaintiff,

                                      *Docket No.: DC-012903-08*

Vs.

1ST CAPITAL LENDING, LLC.,
and Joseph Garrahan

    Defendant,

Vs.

1st Capital Lending, LLC
And Joseph Garrahan
Defendant and Third
Party Plaintiff,

Vs.

                                    **THIRD PARTY COMPLAINT**

Robert Clifford,
R.D. Clifford Associates, Inc.
Third Party Defendant

    Defendants.

---

## ANSWER BY DEFENDANT JOSEPH GARRAHAN TO COMPLAINT

Defendant, Joseph Garrahan for his answer state the following:

1. Have no knowledge as to paragraph 1.

2. Deny knowledge and information sufficient to admit or deny the allegations in paragraph 2.

3. Deny as to paragraph 3.

4. Deny as to paragraph 4.

5. Universal Express identified certain properties to the parties.

6. Deny as to paragraph 6.

7. Deny.

1

8. Deny.

9. No response to paragraph 9.

## SECOND COUNT

1. Deny as to paragraph 1.

2. Deny as to paragraph 2.

3. Deny as to paragraph 3.

4. Deny as to paragraph 4.

5. Deny knowledge and information sufficient to admit or deny the allegations contained in paragraph 5.

6. Deny knowledge and information sufficient to admit or deny the allegations contained in paragraph 6.

7. Deny.

8. Deny knowledge and information sufficient to admit or deny the allegations contained in paragraph 8.

## THIRD COUNT

1. Deny as to paragraph 1.

2. Deny.

3. Deny.

4. Deny as to paragraph 4.

5. No response to paragraph 5.

## FOURTH COUNT

1. Deny as to paragraph 1.

2. Deny as to paragraph 2.

3. Deny the allegations contained in paragraph 3.

2

Respectfully Submitted,

_____

Joseph Garrahan, ProSe
5295 Town Center Road
Boca Raton, Florida 33486
T. 561-392-7999
F. 561-391-5548

## CERTIFICATE OF SERVICE

I hereby swear under penalty of perjury that the above-styled motion in case (Docket No:

DC-012903-08) was sent, U.S. mail and facsimile, to:

**Tesser & Cohen; Steven Cohen: 946 Main Street, Hackensack, New Jersey 07601,
ATORNEY FOR THE PLAINTIFF AND TO FACSIMILE NUMBER 201-343-0885.**

THREE (3) COPIES OF THE ABOVE-STYLED MOTION WERE SENT VIA
CERTIFIED UNITED STATES POSTAL SERVICE, TO:

**Bergen County Courthouse; Justice Center, Room 427, 10 Main Street, Hackensack,
New Jersey 07601.**

ON THIS 25TH DAY OF June, 2008.

Respectfully Submitted,

Joseph Garrahan, ProSe

T. 561-392-7999
F. 561-391-5548
5295 Town Center Road
First Floor
Boca Raton, Florida 33486

Defendant in the above-styled case.

3

JS 44 (Rev. 2/08)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as re[quired]
by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of [court]
the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)    **NOTICE: Attorneys MUST Indicate All Re-filed C[ases]**

**June 27, 2008**

## I. (a) PLAINTIFFS
JOSEPH GARRAHAN
THIRD PARTY PLAINTIFF

## DEFENDANTS
R.D. CLIFFORD ASSO
ROBERT CLIFFORD
THIRD PARTY DEFENDANT

STEVEN M. LARIMORE
CLERK U.S. DIST. CT.
S.D. OF FLA. - MIAMI

**(b)** County of Residence of First Listed Plaintiff BERGEN, N.J.
(EXCEPT IN U.S. PLAINTIFF CASES)

County of Residence of First Listed Defendant W.P.BCH, FLORIDA
(IN U.S. PLAINTIFF CASES ONLY)

NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT
LAND INVOLVED.

**(c)** Attorney's (Firm Name, Address, and Telephone Number)
TESSER & COHEN    DEFENDANT ATY.
STEVEN COHEN    201
946 MAIN STREET
HACKENSACK, N.J. 07601

Attorneys (If Known)

**(d)** Check County Where Action Arose:  ☐ MIAMI- DADE  ☐ MONROE  ☐ BROWARD  ☒ PALM BEACH  ☐ MARTIN  ☐ ST. LUCIE  ☐ INDIAN RIVER  ☐ OKEECHOBEE  HIGHLANDS
BERGEN COUNTY N.J. - SUPERIOR COURT

## II. BASIS OF JURISDICTION (Place an "X" in One Box Only)

☐ 1 U.S. Government Plaintiff
☒ 3 Federal Question (U.S. Government Not a Party)
☐ 2 U.S. Government Defendant
☐ 4 Diversity (Indicate Citizenship of Parties in Item III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES (Place an "X" in One Box for Plaintiff
(For Diversity Cases Only) and One Box for Defendant)

|  | PTF | DEF |  | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☒ 1 | ☐ 1 | Incorporated or Principal Place of Business In This State | ☒ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business In Another State | ☐ 5 | ☒ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

08CV80709 DMM/LRS

## IV. NATURE OF SUIT (Place an "X" in One Box Only)

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | ☐ 610 Agriculture | ☐ 422 Appeal 28 USC 158 | ☐ 400 State Reapportionment |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 362 Personal Injury - | ☐ 620 Other Food & Drug | ☐ 423 Withdrawal | ☐ 410 Antitrust |
| ☐ 130 Miller Act | ☐ 315 Airplane Product | Med. Malpractice | ☐ 625 Drug Related Seizure | 28 USC 157 | ☐ 430 Banks and Banking |
| ☐ 140 Negotiable Instrument | Liability | ☐ 365 Personal Injury - | of Property 21 USC 881 | | ☐ 450 Commerce |
| ☐ 150 Recovery of Overpayment | ☐ 320 Assault, Libel & | Product Liability | ☐ 630 Liquor Laws | **PROPERTY RIGHTS** | ☐ 460 Deportation |
| & Enforcement of Judgment | Slander | ☐ 368 Asbestos Personal | ☐ 640 R.R. & Truck | ☐ 820 Copyrights | ☐ 470 Racketeer Influenced and |
| ☐ 151 Medicare Act | ☐ 330 Federal Employers' | Injury Product | ☐ 650 Airline Regs. | ☐ 830 Patent | Corrupt Organizations |
| ☐ 152 Recovery of Defaulted | Liability | Liability | ☐ 660 Occupational | ☐ 840 Trademark | ☐ 480 Consumer Credit |
| Student Loans | ☐ 340 Marine | **PERSONAL PROPERTY** | Safety/Health | | ☐ 490 Cable/Sat TV |
| (Excl. Veterans) | ☐ 345 Marine Product | ☐ 370 Other Fraud | ☐ 690 Other | | ☐ 810 Selective Service |
| ☐ 153 Recovery of Overpayment | Liability | ☐ 371 Truth in Lending | **LABOR** | **SOCIAL SECURITY** | ☐ 850 Securities/Commodities/ |
| of Veteran's Benefits | ☐ 350 Motor Vehicle | ☐ 380 Other Personal | ☐ 710 Fair Labor Standards | ☐ 861 HIA (1395ff) | Exchange |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle | Property Damage | Act | ☐ 862 Black Lung (923) | ☐ 875 Customer Challenge |
| ☒ 190 Other Contract | Product Liability | ☐ 385 Property Damage | ☐ 720 Labor/Mgmt. Relations | ☐ 863 DIWC/DIWW (405(g)) | 12 USC 3410 |
| ☐ 195 Contract Product Liability | ☐ 360 Other Personal | Product Liability | ☐ 730 Labor/Mgmt.Reporting | ☐ 864 SSID Title XVI | ☐ 890 Other Statutory Actions |
| ☐ 196 Franchise | Injury | | & Disclosure Act | ☐ 865 RSI (405(g)) | ☐ 891 Agricultural Acts |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | ☐ 740 Railway Labor Act | **FEDERAL TAX SUITS** | ☐ 892 Economic Stabilization Act |
| ☐ 210 Land Condemnation | ☐ 441 Voting | ☐ 510 Motions to Vacate | ☐ 790 Other Labor Litigation | ☐ 870 Taxes (U.S. Plaintiff | ☐ 893 Environmental Matters |
| ☐ 220 Foreclosure | ☐ 442 Employment | Sentence | ☐ 791 Empl. Ret. Inc. Security | or Defendant) | ☐ 894 Energy Allocation Act |
| ☐ 230 Rent Lease & Ejectment | ☐ 443 Housing/ | **Habeas Corpus:** | Act | ☐ 871 IRS— Third Party | ☐ 895 Freedom of Information Act |
| ☐ 240 Torts to Land | Accommodations | ☐ 530 General | | 26 USC 7609 | ☐ 900 Appeal of Fee Determination |
| ☐ 245 Tort Product Liability | ☐ 444 Welfare | ☐ 535 Death Penalty | **IMMIGRATION** | | Under Equal Access to Justice |
| ☐ 290 All Other Real Property | ☐ 445 Amer. w/Disabilities - Employment | ☐ 540 Mandamus & Other | ☐ 462 Naturalization Application | | ☐ 950 Constitutionality of State Statutes |
| | ☐ 446 Amer. w/Disabilities - Other | ☐ 550 Civil Rights | ☐ 463 Habeas Corpus-Alien Detainee | | |
| | ☐ 440 Other Civil Rights | ☐ 555 Prison Condition | ☐ 465 Other Immigration Actions | | |

## V. ORIGIN (Place an "X" in One Box Only)

☐ 1 Original Proceeding
☐ 2 Removed from State Court
☒ 3 Re-filed- (see VI below)
☐ 4 Reinstated or Reopened
☐ 5 Transferred from another district (specify)
☐ 6 Multidistrict Litigation
☐ 7 Appeal to District Judge from Magistrate Judgment

## VI. RELATED/RE-FILED CASE(S).
(See instructions second page):
a) Re-filed Case ☐ YES ☒ NO    b) Related Cases ☐ YES ☐ NO
JUDGE    DOCKET NUMBER DC 012903-08

## VII. CAUSE OF ACTION
Cite the U.S. Civil Statute under which you are filing and Write a Brief Statement of Cause (Do not cite jurisdictional statutes unless diversity): 28 USC ₤ #41
CONTRACT DISPUTE
LENGTH OF TRIAL via ___ days estimated (for both sides to try entire case)

## VIII. REQUESTED IN COMPLAINT:
☐ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23
DEMAND $
CHECK YES only if demanded in complaint:
☒ JURY DEMAND: ☒ Yes ☐ No

ABOVE INFORMATION IS TRUE & CORRECT TO THE BEST OF MY KNOWLEDGE
SIGNATURE OF ATTORNEY OF RECORD
DATE 6/20/08

FOR OFFICE USE ONLY
AMOUNT 350    RECEIPT #    IFP

724363